09-4846-cv
Priceline.com, Inc. v. Silberman, et al.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of December, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
> EDWARD R. KORMAN,*
> > *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PRICELINE.COM, INC.,

> *Non-Party Appellant,*

> v.                                                            No. 09-4846

JEFFREY SILBERMAN, GARY BRANDEIS, PAMELA GELLER OSHRY, ROBERT L. DONALD, CHERIE R. DONALD, DONALD E. WOOD, INDUCON PARK ASSOCIATES, INC., CHARLES MATTHEWS, LESLIE COOPER, ESTER GRACE JAVIER, ROBERT ROSS, RANDAL WACHSMUTH, CAMILLE LAPLACA-POST, JOSEPH C. CHATHAM, ANDREA KUNE, JONATHAN LIPNER, JULIE FINKELMAN, HOWARD STEINLAUF, ELEANOR MASON RAMSEY, KEITH BROWN, ROBERT R. LA PLACE, PHIL SALVAGIO, DIANE LYNCH, TIM LYNCH, S. BYRON BALBACH JR., ROCHELLE WALDMAN, CHRISTOPHER G. LAMARCA, JOSHUA RUBIN, ELIZABETH A. FISCHER, JENNIFER HERBST, JESSICA BAKER,

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

WOODROW CLARK III, MATTHEW GRABELL, PAUL IMPELLEZZERI, RICHARD MANDELL, CARAN RUGA, JEANNE H. BALBACH, MICHAEL H. OSHRY, HERVE SENEQUIER, PAMELA MEYERSON, DAVID SHRIEVE, TARA RADO, ANTHONY RALPHS, KAYTA GEORGE, DAVID ULTAN, SHANNON MATTINGLY, TIMOR NUSRATTY, JEFFERY ZAKEM,

*Plaintiffs-Appellees*

AND

VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, MASTERCARD INTERNATIONAL LLC, CITIGROUP INC., CITIBANK, N.A., UNIVERSAL FINANCIAL CORP., UNIVERSAL BANK, N.A., CITIBANK (NEVADA), N.A., CITIBANK (SOUTH DAKOTA), N.A., CITICORP DINERS CLUB INC., CITIBANK USA, N.A., BANK OF AMERICA CORPORATION, CHASE BANK USA, N.A., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., HOUSEHOLD FINANCE CORPORATION, HOUSEHOLD CREDIT SERVICES, INC., HOUSEHOLD INTERNATIONAL, INC., BANK OF AMERICA, N.A., CAPITAL ONE BANK, N.A., CAPITAL ONE, N.A., DISCOVER BANK, DISCOVER FINANCIAL SERVICES, INC., HSBC BANK, NEVADA, N.A., HSBC FINANCE CORPORATION, NATIONAL ARBITRATION FORUM, HOUSEHOLD BANK, N.A., FIA CARD SERVICES N.A.,

*Defendants-Appellees.*[**]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR NON-PARTY APPELLANT:** | JOSEPH L. CLASEN (Thomas J. Donlon, *on the brief*), Robinson & Cole LLP, Stamford, CT. |
| **FOR PLAINTIFFS-APPELLEES:** | MERRILL G. DAVIDOFF (Ruthanne Gordon and David A. Langer, *on the brief*), Berger & Montague, P.C., Philadelphia, PA; Bonny E. Sweeney and Joseph D. Daley, Robbins Geller Rudman & Dowd LLP, San Diego, CA; Sanford Svetcov and Dennis J. Herman, Robbins Geller Rudman & Dowd LLP, San Francisco, CA. |
| **FOR DEFENDANTS-APPELLEES:** | Brian P. Brosnahan, Kasowitz, Benson, Torres & Friedman LLP, San Francisco, CA; Jay N. Fastow, Dickstein Shapiro LLP, New York, NY; Fiona A. Schaeffer and Eric S. Hochstadt, Weil, Gotshal & Manges LLP, New York, NY. |

---

[**] The Clerk of Court is directed to amend the official caption of this case to conform to the listing of the parties above.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This appeal arises out of a multi-district class litigation challenging the currency conversion practices of the consumer payment card industry. Plaintiffs allege violations of the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the South Dakota Deceptive Trade Practices Act arising from an alleged price-fixing conspiracy among VISA, MasterCard, Citicorp Diners Club, Inc., and assorted banks (jointly, "defendants") concerning foreign currency conversion fees. We assume the parties' familiarity with the facts and procedural history of this action and offer further elaboration as necessary to explain our holding.

Following a series of mediation sessions held between February 2005 and March 2006 and further negotiation, the parties signed a Settlement Agreement on July 20, 2006. The Settlement Agreement provided for the payment of $336 million and for certain injunctive relief running for a five-year period beginning on July 25, 2006. The District Court appointed a Special Master to work with the parties to review and amend, as appropriate, the plan for class notice and distribution of the net settlement fund. On July 1, 2009, the Special Master recommended that so-called "Travel Agency" claims by three travel booking companies, including non-party appellant Priceline.com, Inc. ("Priceline"), be denied because traveling consumers, not the travel agencies, paid the contested foreign transaction fees. Later disclosures showed that, in fact, Priceline paid the contested foreign transaction fees. Priceline now appeals an order of the District Court, dated October 22, 2009, ruling that it is not a member of the settlement class, *see In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110 (S.D.N.Y. 2009).

"[W]e apply an abuse-of-discretion standard to both the lower court's ultimate determination on certification, as well as to its rulings that the individual [Federal] Rule [of Civil Procedure] 23 requirements have been met." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 34 (2d Cir. 2009).

According to the terms of the Settlement Agreement, we apply New York law. A-283. *See Lauritzen v. Larsen*, 345 U.S. 571, 588-89 (1953) ("Except as forbidden by some public policy, the tendency of the law is to apply in contract matters the law which the parties intended to apply."). "[I]f a contract is unambiguous on its face, the parties' rights under such a contract should be determined solely by the terms expressed in the instrument itself rather than from extrinsic evidence as to terms that were not expressed or judicial views as to what terms might be preferable." *Waldman v. Riedinger*, 423 F.3d 145, 149 (2d Cir. 2005) (internal quotation marks omitted and alteration in original). Contract language can be considered unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983 (2d Cir. 1991) (internal quotation marks omitted and alteration in original).

3

In its October 22, 2009 order, the District Court explained that

> Priceline's unique payment facility with Wright [the bank which provided Priceline with its MasterCard credit] is not the type of arrangement included in this case. The unique terms and structure of that payment facility—its rebates, its hundreds of thousands of credit card numbers, its flexible terms—make it clear that Priceline is not a holder of a MasterCard-branded credit card within the meaning of the Settlement Agreement. Indeed, while Priceline is correct that there is no requirement that the class members be consumers, sophisticated payment facilities like that utilized by Priceline are simply far outside of any reasonable concept of a "holder" of a credit card, and therefore dehors the Settlement Class.

SPA 29.

Both Priceline and defendants argue that the District Court's exclusion of Priceline is based on a misinterpretation of the terms of the Settlement Agreement. Specifically, they argue that the District Court erred in excluding Priceline from the settlement class by relying upon concepts of "uniqueness" and "sophistication" that do not appear in the Settlement Agreement. They argue, moreover, that the District Court erred by considering the details of Priceline's complex credit relationship with Wright bank, noting that according to the law of the Court, "[i]f a contract is unambiguous on its face, the parties' rights under such a contract should be determined solely by the terms expressed in the instrument itself rather than from extrinsic evidence," *Waldman*, 423 F.3d at 149 (internal quotation marks omitted).

The District Court acknowledged that the terms of the Settlement Agreement are broad, and that there is no requirement in the Settlement Agreement that class members need to be consumers. It nevertheless denied Priceline membership in the class, reasoning that Priceline could not be considered a card holder under any "reasonable" concept of the term "card holder."

We agree that Priceline's relationship with the credit card companies evinces a more complicated relationship than that of other members of the class in this matter, and are satisfied that the District Court offered an adequate explanation of why Priceline was excluded. Although corporate entities may use more complicated credit methods than individual card holders, in this case we agree that Priceline did not fit into the definition of a class member described in the Settlement Agreement.

## CONCLUSION

Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4